UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Petitioner,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>    Respondents. | Case No. 23-cv-05327-RMI<br><br>**ORDER RE: MOTION TO ENFORCE**<br><br>Re: Dkt. No. 20 |

Now pending before court is Petitioner's Motion to Enforce the Judgment (dkt. 20). Respondents have filed an Opposition (dkt. 26), and Petitioner has filed a Reply (dkt. 27). Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds the matter suitable for disposition without oral argument. For the reasons stated below, Petitioner's motion is denied.

Petitioner is a person detained in the custody of U.S. Immigration and Customs Enforcement ("ICE") pending the outcome of his removal proceedings. *See* Pet. (dkt. 1) at 2. He instituted this litigation because "[s]ince his detention by ICE began in March 2020, no neutral adjudicator has ever conducted a hearing to determine whether his lengthy detention is warranted based on danger or flight risk." *Id*. at ¶ 4. Petitioner argued that "prolonged detention without a hearing on his present danger or flight risk violates the Due Process Clause of the Fifth Amendment of the Constitution." *Id*. at ¶ 5. Thereafter, on March 7, 2024, the court ordered Respondents to either release Petitioner from custody or to provide him with a bond hearing before an immigration judge by March 28, 2024. *See* Order (dkt. 18) at 13. The court further ordered that for Petitioner's confinement to continue, the government must establish by clear and

1   convincing evidence that he presents a current risk of flight or dangerousness and that no
2   condition or combination of conditions short of detention could reasonably assure his appearance
3   at removal proceedings or the safety of the community. *Id*.

4         On March 26, 2024, the government timely provided Petitioner with a bond hearing before
5   an Immigration Judge ("IJ"), the proceedings of which were transcribed. *See* Tr. (dkt. 23-2
6   *SEALED*) at 2-21. Petitioner now moves to enforce this court's prior order by asserting his
7   disagreement with the IJ's evaluation of the evidence and the IJ's findings that the government
8   showed by clear and convincing evidence that Petitioner does present a current risk of flight and
9   dangerousness. *See generally* Pet.'s Br. (dkt. 21) at 16-30. Petitioner points to various evidence to
10  which he suggests the IJ failed to give appropriate weight – including the fact that he has
11  completed a number of rehabilitation programming courses while in Respondents' custody as well
12  as those he completed while serving prison sentences for his prior convictions, and his work as a
13  wildland firefighter while servicing his prison sentences. *See id*. at 19-20. Petitioner states that
14  despite the seriousness of his prior convictions – for which he is deeply sorry – he submits that his
15  participation in rehabilitation programming (which has taken place more recently than the
16  sometimes-violent conduct underlying his prior convictions) should have yielded the conclusion
17  that he is not a *current* risk of flight or a *current* danger to the community. *Id*. at 20-24, 25-26.
18  Petitioner also contends that the IJ violated this court's order by not considering or expressly
19  discussing alternatives to detention and by failing to prove a reasoned decision. *See id*. at 26-29.

20        After hearing the Parties' arguments and reviewing the evidence submitted, the IJ found
21  that the government had met it burden as to flight risk and dangerousness. *See* Tr. (dkt. 23-2
22  *SEALED*) at 20. The IJ noted Petitioner's extensive criminal history, which includes recent
23  convictions within the last six years. *Id*. The IJ was particularly troubled by the fact that most of
24  Petitioner's convictions involve violence – such as convictions for domestic violence, spousal
25  battery, and assault with a deadly weapon. *Id*. at 20-21. As to the evidence of Petitioner's
26  participation in rehabilitation programming, the IJ found it did not diminish the concerns with
27  Petitioner's risk of flight and dangerousness. *Id*. at 21. More specifically, as to the risk of flight,
28  the IJ found that Petitioner has been twice convicted of aggravated felonies "which would bar him

2

1   from asylum and potentially also from withholding of removal . . . [not to mention] at least two
2   probation violations," on the cumulative basis of which the IJ found that the government had met
3   its burden as to risk of flight. *Id.* at 21. Petitioner's arguments in this court do not address the IJ's
4   holding in this regard. *See generally* Pet.'s Br. (dkt. 21); *see also* Pet.'s Reply (dkt. 27). It should
5   also be noted that Petitioner has appealed the IJ's decision *See* Tr. (dkt. 23-2 *SEALED*) at 21.

  As an initial matter, the court disagrees with Petitioner's assertion that the IJ – failed to follow the court's order. Petitioner's disagreement with the IJ's bond determination is not the same as saying the IJ failed to follow the court's directives. In essence, Petitioner disagrees with how the IJ weighed the evidence and with the ultimate conclusion of detention. The court does not see anything in the record that would lead to the conclusion that the court's order was ignored or contravened in any way.

  To the extent that Petitioner wishes to assert that the discretionary process of bail determination before the IJ was itself constitutionally flawed, those types of claims would be cognizable in federal court on habeas, "despite the jurisdictional restrictions in [8 U.S.C.] §§ 1226(e) and 1252(a)(2)(B)." *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). However, Petitioner is currently administratively appealing his adverse bond determination; and, while "[t]he exhaustion requirement is prudential, rather than jurisdictional, for habeas claims," courts may decline to waive prudential exhaustion "when: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

  To the extent that Petitioner asks this court to simply reweigh the evidence considered by the IJ, thereby substituting its own discretion for that of the IJ, the court declines to do so because that sort of broad-based judicial review of the executive branch discretionary decisions in this domain are precluded by 8 U.S.C. §§ 1226(e) and 1252(a)(2)(B)(ii). On the other hand, to the extent that Petitioner wishes to contend that the bail process and determination before the IJ was itself constitutionally flawed, the court would be willing to hear that claim, but only after the

3

exhaustion of Petitioner's administrative appeal because the court finds that in this matter: agency expertise and full administrative consideration would generate a proper record that would aid the court in reaching a proper decision on such a claim; that relaxation of the administrative exhaustion requirement would encourage the deliberate bypass of the administrative framework; and, that further administrative review would allow the agency to correct any mistakes, which would obviate the need for judicial review. Accordingly, for the reasons stated herein, Petitioner's Motion to Enforce Judgment (dkt. 20) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 21, 2024

ROBERT M. ILLMAN
United States Magistrate Judge